In the Matter of DEVRA HENRY, Appellant, to be Declared a Competent Person. GERARD N. COOKE, as Committee of the Person and Property of DEVRA HENRY, an Incompetent Person, Respondent.— Appeal from an order dismissing the petition, determining that appellant is not " at this time " competent to manage herself or her affairs, and directing her committee to pay an amount certain for medical services rendered by a physician appointed by the court. Order affirmed, without costs. No opinion. Nolan, P. J., Wenzel, Murphy and Hallinan, JJ., concur; Kleinfeld, J., dissents and votes to reverse the order and to grant the petition, with the following memorandum: The courts' jurisdiction over the property of an " incompetent " person applies only to one who is *mentally* incompetent, not to one whose disability is merely physical in nature (Civ. Prac. Act, §§ 1356, 1382; cf. *Sporza* v. *German Sav. Bank*, 192 N. Y. 8, 14-18). It is true that ordinarily the trier of the facts is free to evaluate expert testimony, and he may give it such weight as he deems proper or even reject it completely and exercise his own independent judgment. Under all the circumstances of this case, however, and in view of the fact that the expert medical testimony here given concerned a subject requiring great skill and highly specialized education, training and experience, it seems to me that the learned Justice who heard this proceeding acted beyond the scope of his judicial power when he substituted his own lay judgment for that of three psychiatrists and one psychologist, all of whom, unanimously and without contradiction, concluded that appellant was then mentally competent. Par-

ticularly is this so, since one of these psychiatrists had been appointed by the court, and thus would be almost in the position of a witness who may not be impeached by the one calling him. Moreover, it may well be that in this instance Special Term lapsed into the error of confusing physical disability with mental incompetency, and predicated its holding on its conclusion that appellant was then physically unable to care for her personal needs without assistance. In any event, I believe appellant's mental health would be well served by an adjudication of competency at this time (cf. *Matter of Partridge,* 277 App. Div. 865, affd. 302 N. Y. 591).